MONTIEL, Judge.
Eddie Zote Hamilton filed a Rule 20, A.R.Cr.P.Temp., petition attacking his mur-
der conviction. After a hearing on the petition, the trial court denied the petition. On appeal, the appellant contends that his trial counsel’s use of all of his peremptory strikes to remove blacks from the venire violated the principles of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Powers v. Ohio, — U.S. -, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), and denied him his right to an impartial jury under the Sixth Amendment and his right to due process of the law under the Fourteenth Amendment. This issue is precluded because it could have been raised at trial or on appeal. See Rule 20.2(a)(3) and Rule 20.2(a)(5), A.R.Crim. P.Temp.
Although the appellant does not frame his issue on appeal based on ineffective assistance of counsel, his petition alleged that his counsel was ineffective because his trial counsel used all of his peremptory strikes to remove blacks from the jury. This allegation is without merit. At the hearing, trial counsel stated that the defendant and the victim were both black and that he explained to the defendant that the black community would probably judge him more harshly than would the white community under these circumstances. The defendant agreed with his trial counsel’s strategy to remove all of the blacks from the jury. This was clearly a matter of trial strategy, which does not constitute ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
The Rule 20 petition was properly denied. The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.